IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
    Plaintiff,

vs.                           Case No. 3:11cv270/MCR/CJK

SANTA ROSA COUNTY SHERIFF'S OFFICE
MAIL PERSONNEL AND ADMINISTRATION,
    Defendant.

---

## REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is proceeding *pro se* and *in forma pauperis*. Upon review of the complaint, the Court concludes that this case should be dismissed because plaintiff is barred from recovering the relief he seeks.

### BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff was an inmate of the Putnam County Jail in Eatonton, Georgia at the time he initiated this action on May 25, 2011. (Doc. 1). Plaintiff has since been released. (Doc. 8). Plaintiff's complaint names one defendant: "Santa Rosa County Sheriff's Office Mail Personel [sic] & Administration." Plaintiff alleges that upon being booked into the Santa Rosa County Jail on June 1, 2007, plaintiff's legal books were confiscated. Plaintiff alleges that he was using these books to "learn my rights, rules of procedure, state statute laws, etc." in connection with filing "several" civil

rights complaints to address an alleged conspiracy among county law enforcement agencies that existed since March of 2003. (Doc. 1, p. 5). Plaintiff claims that the confiscation of the books, and Jail personnel's denial of plaintiff's access to the books from June of 2007 through January of 2008, denied plaintiff access to the courts in violation of the Constitution. (*Id.*, pp. 6-7). As relief, plaintiff seeks "general damages and punitive damages for this violation of my rights, and for mental anguish and/or distress." (*Id.*, p. 7).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's damages claims, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' alleged conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). The complaint identifies no physical injury arising from defendants' conduct, much less injury that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir.

1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). Thus, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 17th day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).